# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BRIAN C. MARSAW,

      **Plaintiff,**

      v.

WARDEN BRIAN CAHAK,
DEPUTY WARDEN TAMI L. STAEHLER,
SECRETARY JARED HOY, and
JANE/JOHN DOES,

      **Defendants.**

Case No. 26-C-1112

---

## SCREENING ORDER

---

Plaintiff Brian Marsaw, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Marsaw's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Marsaw has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Marsaw has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $38.71. Marsaw's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

Marsaw is paraplegic and moves throughout the institution with the use of a wheelchair that is pushed by inmate special needs workers. Marsaw asserts that, on November 18, 2025, an inmate worker was transporting him from one building to another. Although Marsaw does not describe the specific conditions of the sidewalk, the complaint suggests that there may have been snow and/or ice on the sidewalk. Marsaw states that, as the inmate worker "rushed pushing [him] to school," he suddenly went airborne and landed head-first on his face. Marsaw asserts that the inmate worker helped him back into his chair. Once he arrived at his destination, he explained to staff what had happened, and he was offered medical care, which he accepted. He states that he was physically examined but no additional testing such as x-rays or MRIs was ordered. Marsaw asserts that he realized the next day that he had suffered bruising, and he suspects he may have lingering injuries from the incident. Marsaw asserts that only medically trained staff or inmates who have undergone special training should be allowed to transport people who use wheelchairs.

**THE COURT'S ANALYSIS**

A defendant is liable for damages under §1983 only if he or she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his or her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). High-ranking officials cannot be liable for the unconstitutional conduct of the people they oversee under a theory of vicarious liability. *Milbeck v. George*, 171 F.4th 930, 939 (7th Cir. 2026).

3

Marsaw fails to state a claim on which relief can be granted because the Court cannot reasonably infer that he was harmed by any action or inaction of the high-ranking officials that he names as defendants. Marsaw suggests that only medically trained staff or inmates with special training should be allowed to transport inmates in wheelchairs, but Marsaw does not allege any facts from which the Court can reasonably infer that his accident was caused because the inmate worker who pushed his wheelchair was insufficiently trained. Indeed, it is unclear what "training," medical or otherwise, is required for a person to push a wheelchair from one location to another. Rather, the only reasonable inference is that the accident occurred because the inmate worker was "rushing" in challenging weather conditions, presumably because he wanted to transport Marsaw between the buildings as quickly as possible to get out of the cold. But, as has long been held, the warden, deputy warden, and secretary of the Department of Corrections cannot be held liable for the inmate worker's negligence under a theory of vicarious liability.

Marsaw also fails to state a claim based on allegations that, in the middle of winter, the sidewalks were slippery from ice and/or snow. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Given this high standard, courts have routinely held that "slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of [the] Eighth Amendment." *Perkins v. Atrisco*, No. 22-cv-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023); *see also Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"). While Marsaw's experience is unfortunate, "[s]now and ice are a fact of life for those who spend winter in the Midwest." *Boclair v. Baldwin*, No. 17-cv-1422, 2017 WL 6813694, at *3 (N.D. Ill. April 28, 2017). At most, the circumstances Marsaw describes suggest negligence

4

in the maintenance of the sidewalks, which is insufficient to support a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."). In short, Marsaw fails to state a claim on which relief can be granted.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Marsaw believes he can, in good faith, cure the deficiencies identified in this decision, he may file an amended complaint by **August 17, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Marsaw's failure to state a claim in his original complaint. If Marsaw does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Marsaw's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 17, 2026**, Marsaw may file an amended complaint if he believes the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Marsaw a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Marsaw shall collect from his institution trust account the $311.29 balance of the filing fee by collecting monthly payments from Marsaw's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Marsaw is transferred to another institution, the transferring institution shall forward a copy of this Order along with Marsaw remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Marsaw is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

6

Marsaw is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __15th__ day of July, 2026.

William C. Griesbach
United States District Judge

7