UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRIAN C. MARSAW,**

**Plaintiff,**

**v.** **Case No. 26-C-1112**

**WARDEN BRIAN CAHAK,**
**DEPUTY WARDEN TAMI L. STAEHLER,**
**SECRETARY JARED HOY, and**
**NURSE JANE DOE,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Brian Marsaw, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 16, 2026, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave Marsaw the opportunity to file an amended complaint, which he did on August 6, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are nearly identical to those in the original complaint. Marsaw is paraplegic and moves around the institution in a wheelchair pushed by inmate special needs workers. On November 18, 2025, an inmate worker was transporting Marsaw from one building to another. According to Marsaw, the sidewalk was covered with patches of ice and/or snow. Marsaw states that, the inmate worker was "rushing" as he pushed Marsaw, when Marsaw suddenly went airborne and landed head-first on his face. The inmate worker helped Marsaw back into his chair. Once he arrived at his destination, Marsaw explained to staff what had happened, and he was offered medical care, which he accepted. He states that he was physically examined but no additional testing such as x-rays or MRIs was ordered. Marsaw asserts that he realized the next day that he had suffered bruising, and he suspects he may have "sustaining injuries" from the incident, although he does not state what those injuries are.

## THE COURT'S ANALYSIS

As the Court explained in the original screening order, Marsaw fails to state a claim based on allegations that, in the middle of winter, the sidewalks were slippery from ice and/or snow. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Given this

high standard, courts have routinely held that "slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of [the] Eighth Amendment." *Perkins v. Atrisco*, No. 22-cv-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023); *see also Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"). While Marsaw's experience is unfortunate, "[s]now and ice are a fact of life for those who spend winter in the Midwest." *Boclair v. Baldwin*, No. 17-cv-1422, 2017 WL 6813694, at *3 (N.D. Ill. April 28, 2017). At most, the circumstances Marsaw describes suggest negligence in the maintenance of the sidewalks, which is insufficient to support a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."). In short, Marsaw fails to state a claim against prison administrators on which relief can be granted.

Marsaw also fails to state a claim based on allegations that the nurse who examined him did not order diagnostic tests such as an MRI, x-ray, or CT scan to rule out possible injuries. Marsaw does not describe any injuries that would suggest that diagnostic testing was medically indicated and, while he may have desired expensive diagnostic testing for peace of mind, the Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, prisoners are entitled to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888–89; *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Marsaw's speculation that he may have sustaining

injuries is insufficient for the Court to reasonably infer the nurse demonstrated deliberate indifference when she decided a physical examination was sufficient to assess Marsaw's condition.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of August, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.